United States District Court
Southern District of Texas
**ENTERED**
July 07, 2016
David J. Bradley, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| TYRONE EUGENE GEORGE, TDCJ #1905218, | § § § | |
| Plaintiff, | § § | |
| v. | § § | CIVIL ACTION NO. H-15-3092 |
| JUSTIN SNEARLY, et al., | § § | |
| Defendants. | § § | |

## MEMORANDUM OPINION AND ORDER

State inmate Tyrone Eugene George (TDCJ #1905218) has filed an amended complaint under 42 U.S.C. § 1983 ("Amended Complaint") (Docket Entry No. 10), alleging that his civil rights were violated at the Ellis Unit of the Texas Department of Criminal Justice ("TDCJ"). George has also filed two More Definite Statements of his claims (Docket Entry Nos. 17, 37). Defendant Brenda Armstrong has filed a Motion to Dismiss Pursuant to Rule 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure ("Motion to Dismiss") (Docket Entry No. 40). George has filed a response to Armstrong's Motion ("Response")(Docket Entry No. 43). After considering all of the pleadings, the court will grant the Motion and dismiss the claims against Armstrong for the reasons explained below.

## I.  **Background**

George is currently confined at the Estelle Unit in Huntsville.[1] George sues two correctional officers (Officer Justin Snearly and Sergeant Stacy Stewart) who were employed by TDCJ at the Ellis I Unit, where George was formerly confined.[2] George also sues Brenda Armstrong, who was formerly employed by TDCJ as a physician's assistant at the Ellis I Unit facility.[3]

George contends that Officer Snearly used excessive force against him in July or August 2015,[4] by grabbing him around the neck in a "choke hold," slamming him on his bunk, and punching him in the face and head.[5] As a result of this incident George reportedly suffers from "neck aches" and "dizzy spells."[6]

George contends that Sergeant Stewart used excessive force against him in June 2015, by repeatedly slamming his hand in the

---

[1]Change of Address, Docket Entry No. 42, p. 1.

[2]Officer Snearly, who remains employed by TDCJ, has filed an Answer. See Defendant Snearly's Original Answer, Docket Entry No. 29.  Stewart has not answered and the Texas Attorney General's Office has advised that he is no longer employed by TDCJ.  See Amicus Curiae Motion to Seal, Docket Entry No. 30, p. 1. The court will issue a separate order authorizing service on Stewart at his last known address.

[3]Armstrong is also no longer employed by TDCJ.  See Supplemental Amicus Curiae Motion to Seal, Docket Entry No. 26, p. 1.

[4]Amended Complaint, Docket Entry No. 10, p. 4;  More Definite Statement, Docket Entry No. 37, p. 1.

[5]More Definite Statement, Docket Entry No. 17, pp. 1-2.

[6]Id. at 4.

food tray slot of his cell door.[7]   As a result of this incident George sustained an injury to his left wrist and the index and middle fingers of his left hand.[8]

George alleges that Armstrong, who was employed by TDCJ as a physician's assistant, failed to provide adequate medical care following the use of excessive force by Officer Snearly and Sergeant Stewart.[9]

Alleging claims of excessive force and denial of adequate medical care, George seeks monetary damages for violation of his constitutional rights.[10]   Armstrong moves to dismiss the claims against her in her official and individual capacities.

## II.  **Official Capacity Claims**

Armstrong moves to dismiss the claim for monetary damages against her in her official capacity under Fed. R. Civ. P. 12(b)(1) for lack of subject matter jurisdiction.   Specifically, Armstrong contends that claims for monetary damages against her in her official capacity as a state employee are barred by the Eleventh Amendment to the United States Constitution.

---

[7]<u>Id.</u> at 2.

[8]<u>Id.</u> at 4-5.

[9]Amended Complaint, Docket Entry No. 10, p. 4.

[10]<u>Id.</u>

## A.    Standard of Review

Federal courts are "courts of limited jurisdiction, having 'only the authority endowed by the Constitution and that conferred by Congress.'" Halmekangas v. State Farm Fire and Cas. Co., 603 F.3d 290, 292 (5th Cir. 2010) (citations omitted). "Under Rule 12(b)(1), a claim is 'properly dismissed for lack of subject-matter jurisdiction when the court lacks the statutory or constitutional power to adjudicate' the claim." In re FEMA Trailer Formaldehyde Prods. Liability Litig., 668 F.3d 281, 286 (5th Cir. 2012) (quoting Home Builders Ass'n, Inc. v. City of Madison, 143 F.3d 1006, 1010 (5th Cir. 1998) (internal citation omitted)).

## B.    Eleventh Amendment Immunity

The Eleventh Amendment provides that "[t]he Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State." U.S. Const. amend XI. Federal court jurisdiction is restricted by the Eleventh Amendment and the principle of sovereign immunity that it embodies. See Seminole Tribe of Florida v. Florida, 116 S. Ct. 1114, 1122 (1996); see also Pennhurst State Sch. & Hosp. v. Halderman, 104 S. Ct. 900, 908-09 (1984) (explaining that the Eleventh Amendment acts as a jurisdictional bar to suit against a state in federal court). Unless expressly waived, the Eleventh Amendment bars an action in federal

-4-

court by, inter alia, a citizen of a state against his or her own state, including a state agency.  See Martinez v. Texas Dep't of Criminal Justice, 300 F.3d 567, 574 (5th Cir. 2002).

As a state agency, TDCJ is immune from a suit for money damages under the Eleventh Amendment.  See Talib v. Gilley, 138 F.3d 211, 213 (5th Cir. 1998).  The Eleventh Amendment bars a recovery of money damages under 42 U.S.C. § 1983 from state employees in their official capacity.  See Oliver v. Scott, 276 F.3d 736, 742 (5th Cir. 2002); Aguilar v. Texas Dep't of Criminal Justice, 160 F.3d 1052, 1054 (5th Cir. 1998).  To the extent that George seeks monetary damages in this case, the Eleventh Amendment bars his claims against all of the defendants in their official capacity as state employees.  Accordingly, the court will grant Armstrong's motion to dismiss George's request for monetary damages against Armstrong in her official capacity.

### III.  Individual Capacity Claims

Armstrong also moves to dismiss the claims against her in her individual or personal capacity under Fed. R. Civ. P. 12(b)(6).  In particular, Armstrong contends that George has failed to state a claim against her and that she is entitled to qualified immunity because George has not alleged facts establishing that Armstrong acted with the requisite deliberate indifference to a serious medical need in violation of the Eighth Amendment.

## A.    Standard of Review

Motions to dismiss under Rule 12(b)(6) are appropriate only where the plaintiff's complaint fails to state a claim upon which relief can be granted.  Federal pleading rules require only "a short and plain statement of the claim" showing that the pleader is entitled to relief.  Fed. R. Civ. P. 8(a).  As the Supreme Court has emphasized, Rule 8 does not require "heightened fact pleading of specifics," Bell Atlantic Corp. v. Twombly, 127 S. Ct. 1955, 1975 (2007), or "detailed factual allegations." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009).  However, "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do."  Id. (quoting Twombly, 127 S. Ct. at 1965).  "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'"  Id. (alteration in original).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Iqbal, 129 S. Ct. at 1949 (quoting Twombly, 127 S. Ct. at 1965).  "When considering a motion to dismiss, the court accepts as true the well-pled factual allegations in the complaint, and construes them in the light most favorable to the plaintiff." Taylor v. Books A Million, Inc., 296 F.3d 376, 378 (5th Cir. 2002) (citation omitted).  However, courts are not bound to accept as true "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory

-6-

statements," or legal conclusions couched as factual assertions. Iqbal, 129 S. Ct. at 1949; see Hale v. King, 642 F.3d 492, 499 (5th Cir. 2011) ("plaintiffs must allege facts that support the elements of the cause of action in order to make out a valid claim") (citation omitted).

## B.    Qualified Immunity

Public officials acting within the scope of their authority generally are shielded from civil liability by the doctrine of qualified immunity.   See Harlow v. Fitzgerald, 102 S. Ct. 2727, 2738 (1982).   Qualified immunity protects "all but the plainly incompetent or those who knowingly violate the law."   Malley v. Briggs, 106 S. Ct. 1092, 1096 (1986).   As a result, courts will not deny qualified immunity unless "existing precedent . . . placed the statutory or constitutional question beyond debate," Ashcroft v. al-Kidd, 131 S. Ct. 2074, 2083 (2011).   Therefore, a plaintiff seeking to overcome qualified immunity must show: "(1) that the official violated a statutory or constitutional right, and (2) that the right was 'clearly established' at the time of the challenged conduct."   Id. at 2080 (citation omitted).

## C.    Eighth Amendment

George alleges that Armstrong denied him adequate medical care in violation of the Eighth Amendment following the uses of force by Officer Snearly and Sergeant Stewart.   "A prison official violates the Eighth Amendment's prohibition against cruel and unusual

punishment when his conduct demonstrates deliberate indifference to a prisoner's serious medical needs, constituting an unnecessary and wanton infliction of pain." <u>Easter v. Powell</u>, 467 F.3d 459, 463 (5th Cir. 2006) (internal quotation marks and citation omitted). "Deliberate indifference is an extremely high standard to meet." <u>Domino v. Texas Dep't of Criminal Justice</u>, 239 F.3d 752, 756 (5th Cir. 2001). A prison official acts with deliberate indifference if he knows that an inmate faces a substantial risk of serious harm and disregards that risk. <u>Farmer v. Brennan</u>, 114 S. Ct. 1970, 1984 (1994). "Unsuccessful medical treatment, acts of negligence, or medical malpractice do not constitute deliberate indifference, nor does a prisoner's disagreement with his medical treatment, absent exceptional circumstances." <u>Gobert v. Caldwell</u>, 463 F.3d 339, 346 (5th Cir. 2006) (citations omitted). A showing of deliberate indifference requires the prisoner to submit evidence that prison officials "refused to treat him, ignored his complaints, intentionally treated him incorrectly, or engaged in any similar conduct that would clearly evince a wanton disregard for any serious medical needs." <u>Id.</u> (internal quotation and citation omitted).

After the use of force attributed to Sergeant Stewart, George acknowledges that he was treated with "a splint and x-rays" along with ibuprofen and naproxen for pain.[11]  George does not allege

---

[11]More Definite Statement, Docket Entry No. 17, p. 5.

facts showing that he asked Armstrong to provide any additional care or that his request for care was refused by Armstrong following the incident with Sergeant Stewart. Accordingly, George does not show that Armstrong was aware of a substantial risk of serious harm to George or that Armstrong disregarded that risk. See Farmer, 114 S. Ct. at 1984. Because George does not allege facts showing that Armstrong acted with deliberate indifference, George's claim that Armstrong denied him adequate medical care following the use of force by Sergeant Stewart will be dismissed.

George contends that he was denied any medical care following the use of force attributed to Officer Snearly. As with his claim involving Sergeant Stewart, however, George does not allege that he asked Armstrong to provide him with care or that his request for medical care was refused. George's conclusory allegations do not demonstrate that she denied him care with deliberate indifference and are insufficient to state a plausible claim under the Eighth Amendment or to survive a motion to dismiss. See Iqbal, 129 S. Ct. at 1949. Therefore, the claim that Armstrong denied him adequate medical care following the use of force by Officer Snearly also will be dismissed.

George has had an opportunity to file an Amended Complaint (Docket Entry No. 10) in this case. George has also filed two More Definite Statements of his claims (Docket Entry Nos. 17, 37) and a Response to the Motion to Dismiss, but he has failed to provide any facts showing that Armstrong denied him medical care with

-9-

deliberate indifference.    If anything, it appears that George disagrees with the level of care that was provided to him following the uses of force by Officer Snearly and Sergeant Stewart.   mere disagreement with medical treatment does not state a claim for deliberate indifference to serious medical needs under the Eighth Amendment.   See Stewart v. Murphy, 174 F.3d 530, 535 (5th Cir. 1999).   Because George has failed to allege facts that are sufficient to state a constitutional violation or overcome Armstrong's assertion of qualified immunity, the court will grant Armstrong's Motion and dismiss the claims against her with prejudice.

### IV.   Conclusion and Order

Based on the foregoing, the court **ORDERS** as follows:

1.   The Motion to Dismiss filed by Defendant Brenda Armstrong (Docket Entry No. 40) is **GRANTED**.

2.   The claims against Armstrong are **DISMISSED with prejudice**.

**The Clerk is directed to provide a copy of this Memorandum Opinion and Order to the parties.**

**SIGNED** at Houston, Texas, on this 7th day of July, 2016.

_____
SIM LAKE
UNITED STATES DISTRICT JUDGE

-10-