United States District Court
Southern District of Texas

**ENTERED**

February 02, 2017

David J. Bradley, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| TYRONE EUGENE GEORGE, | § | |
| TDCJ #1905218, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-15-3092 |
| | § | |
| JUSTIN L. SNEARLY and | § | |
| STACY W. STEWART, | § | |
| | § | |
| Defendants. | § | |

## MEMORANDUM OPINION AND ORDER

State inmate Tyrone Eugene George (TDCJ #1905218) has filed an amended complaint under 42 U.S.C. § 1983 ("Amended Complaint") (Docket Entry No. 10), alleging that his civil rights were violated at the Ellis I Unit of the Texas Department of Criminal Justice ("TDCJ"). The only claims that remain in this case concern allegations that Officer Justin L. Snearly and Sergeant Stacy W. Stewart used excessive force against George on two separate occasions. Pending before the court is Defendants Snearly and Stewart's Motion for Summary Judgment for Failure to Exhaust Administrative Remedies ("Defendants' MSJ") (Docket Entry No. 52). George has filed Plaintiff's Response to Defendants['] Motion for Summary Judgment ("Plaintiff's Response to MSJ") (Docket Entry No. 54). George has also filed Plaintiff's Demand that Defendants are Ordered, and Enforced, By Court to Comply With a Full Disclosure (Docket Entry No. 53), which seeks discovery of

disciplinary, classification, and grievance records associated with the entire length of George's incarceration by TDCJ. After considering all of the pleadings, the court will grant Defendants' MSJ and will dismiss this case for the reasons explained below.

## I.  **Background**

As noted above, the only defendants who remain in this case are Officer Snearly and Sergeant Stewart.[1]  George contends that Officer Snearly used excessive force against him in May of 2015[2] by grabbing him around the neck in a "choke hold," slamming him on his bunk, and punching him in the face and head.[3]  As a result of this incident George reportedly suffers from "neck aches" and "dizzy spells."[4]

---

[1]Claims lodged by George initially against Sergeant C. Gaylord, Medical Supervisor P. Pace, and Officer L. Uche were severed and transferred to another district (Docket Entry No. 11). Claims against Physician's Assistant Brenda Armstrong were dismissed under Rule 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure (Docket Entry No. 44).

[2]The pleadings do not clearly establish when the alleged use of force occurred.  See Amended Complaint, Docket Entry No. 10, p. 4; Plaintiff's More Definite Statement for Defendant B. Armstrong, Docket Entry No. 37, p. 1 (estimating that George was denied medical care after the assault in or around July or August of 2015).  A grievance submitted by George following the incident indicates that it happened, if at all, in May of 2015.  See Step 1 Grievance #2015149188, Exhibit A to Defendants' MSJ, Docket Entry No. 52-1, pp. 9-10.

[3]Plaintiff's More Definite Statement, Docket Entry No. 17, pp. 1-2.

[4]Id. at 4.

-2-

George contends that Sergeant Stewart used excessive force against him in June of 2015 by slamming his hand in the food tray slot of his cell door.[5]   As a result of this incident George reportedly sustained an injury to his left wrist and the index and middle fingers of his left hand.[6]

George seeks monetary damages for violation of his constitutional rights under the Eighth Amendment.[7]   Snearly and Stewart move for summary judgment on the grounds that George did not exhaust available administrative remedies before filing suit as required by the Prison Litigation Reform Act, 42 U.S.C. § 1997e(a).

## II.   Standard of Review

The defendants' motion for summary judgment is governed by Rule 56 of the Federal Rules of Civil Procedure.   Under this rule a reviewing court "shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."   Fed. R. Civ. P. 56(a); see also Celotex Corp. v. Catrett, 106 S. Ct. 2548, 2552 (1986).   A fact is "material" if its resolution in favor of one party might affect the outcome of the suit under governing law. Anderson v. Liberty Lobby, Inc., 106 S. Ct. 2505, 2510 (1986).   An

---

[5]Id. at 2.

[6]Id. at 4-5.

[7]Id.

-3-

issue is "genuine" if the evidence is sufficient for a reasonable jury to return a verdict for the nonmoving party. <u>Id.</u>

In deciding a summary judgment motion, the reviewing court must "construe all facts and inferences in the light most favorable to the nonmoving party." <u>Dillon v. Rogers</u>, 596 F.3d 260, 266 (5th Cir. 2010) (internal citation and quotation marks omitted). However, the non-movant cannot avoid summary judgment simply by presenting "'[c]onclusional allegations and denials, speculation, improbable inferences, unsubstantiated assertions, and legalistic argumentation.'" <u>Jones v. Lowndes County, Mississippi</u>, 678 F.3d 344, 348 (5th Cir. 2012) (quoting <u>TIG Ins. Co. v. Sedgwick James of Washington</u>, 276 F.3d 754, 759 (5th Cir. 2002)); <u>see also</u> <u>Little v. Liquid Air Corp.</u>, 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc) (a non-movant cannot demonstrate a genuine issue of material fact with conclusory allegations, unsubstantiated assertions, or only a scintilla of evidence). If the movant demonstrates the absence of a genuine issue of material fact, the burden shifts to the non-movant to provide "'specific facts showing that there is a genuine issue for trial.'" <u>Matsushita Elec. Indus. Co. v. Zenith Radio Corp.</u>, 106 S. Ct. 1348, 1356 (1986).

The plaintiff proceeds <u>pro</u> <u>se</u> in this case. Courts construe pleadings filed by <u>pro</u> <u>se</u> litigants under a less stringent standard than those drafted by lawyers. <u>See</u> <u>Haines v. Kerner</u>, 92 S. Ct. 594, 596 (1972); <u>see</u> <u>also</u> <u>Erickson v. Pardus</u>, 551 U.S. 89, 94 (2007) ("A document filed <u>pro</u> <u>se</u> is 'to be liberally

-4-

construed[.]'") (quotation omitted).  Nevertheless, "<u>pro se</u> parties must still brief the issues and reasonably comply with [federal procedural rules]."  <u>Grant v. Cuellar</u>, 59 F.3 523, 524 (5th Cir. 1995).  The Fifth Circuit has held that "[t]he notice afforded by the Rules of Civil Procedure and the local rules" is "sufficient" to advise a <u>pro se</u> party of his burden in opposing a summary judgment motion.  <u>See</u> <u>Martin v. Harrison County Jail</u>, 975 F.2d 192, 193 (5th Cir. 1992).

## III.  <u>Exhaustion of Administrative Remedies</u>

This case is governed by the Prison Litigation Reform Act (the "PLRA"), which requires prisoners to exhaust administrative remedies before filing suit in federal court.  <u>See</u> 42 U.S.C. § 1997e(a).  The Supreme Court has repeatedly emphasized that § 1997e(a) mandates exhaustion of all administrative procedures before an inmate can file any suit challenging prison conditions.  <u>See</u> <u>Booth v. Churner</u>, 121 S. Ct. 1819, 1825 (2001); <u>Porter v. Nussle</u>, 122 S. Ct. 983, 988 (2002); <u>Woodford v. Ngo</u>, 126 S. Ct. 2378, 2382-83 (2006); <u>see also</u> <u>Jones v. Bock</u>, 127 S. Ct. 910, 918-19 (2007) (confirming that "[t]here is no question that exhaustion is mandatory under the PLRA and that unexhausted claims cannot be brought in court").

TDCJ has a formal two-step administrative grievance process.  <u>See</u> <u>Johnson v. Johnson</u>, 385 F.3d 503, 515 (5th Cir. 2004); <u>see also</u> <u>Wendell v. Asher</u>, 162 F.3d 887, 891 (5th Cir. 1998) (outlining the

two-step procedure, which at Step 1 entails submitting an administrative grievance at the institutional level followed by a Step 2 appeal if the result is unfavorable). A Step 1 grievance, which is reviewed by officials at the inmate's assigned facility, must be filed within fifteen days of the alleged incident or challenged event. See Johnson, 385 F.3d at 515. Once an inmate receives a response to his Step 1 grievance, he then has ten days to file a Step 2 grievance to appeal an unfavorable result at the state level. See id. Substantial compliance with this process is not enough to exhaust remedies under the PLRA. Dillon v. Rogers, 596 F.3d 260, 268 (5th Cir. 2010) ("Under our strict approach, we have found that mere 'substantial compliance' with administrative remedy procedures does not satisfy exhaustion."). A Texas prisoner must pursue a grievance through both steps to satisfy the exhaustion requirement. See Johnson, 385 F.3d at 515 (citing Wright v. Hollingsworth, 260 F.3d 357, 358 (5th Cir. 2001)).

The defendants have provided a record of George's administrative grievances for the period of time relevant to his claims in this case.[8] On May 27, 2015, George filed a Step 1 Grievance to challenge a disciplinary conviction that he received for assaulting Officer Snearly.[9]   In that grievance, which

---

[8]Business Records Affidavit of Manager of Offender Grievance Kelli Ward, Exhibit A to Defendants' MSJ, Docket Entry No. 52-1, p. 2.

[9]Step 1 Grievance #2015149188, Exhibit A to Defendants' MSJ, Docket Entry No. 52-1, pp. 9-10.

primarily challenged the result of the disciplinary proceeding, George alleged that Snearly placed George in a choke hold and dragged him to the medical department while George was in a semi-conscious state.[10] After finding that there was sufficient evidence to support the hearing officer's decision, an assistant warden upheld the conviction without addressing George's claim that unnecessary force was used.[11]

On June 26, 2015, George filed a Step 1 Grievance alleging that Sergeant Stewart slammed his left hand repeatedly in the food tray slot of his cell.[12]  This grievance was returned to George unprocessed because he did not comply with prison procedures.[13]

On July 29, 2015, and August 5, 2015, George filed additional Step 1 Grievances that contain vague references to his claims that Defendants Snearly and Stewart used excessive force against him.[14] However, these grievances were also returned to George unprocessed because he failed to submit them in compliance with prison procedures.[15]

──────────────

[10]Id.

[11]Id. at 10.

[12]Step 1 Grievance #2015168676, Exhibit A to Defendants' MSJ, Docket Entry No. 52-1, pp. 7-8.

[13]Id. at 8.

[14]Step 1 Grievances #2015185830 and #2015190344, Exhibit A to Defendants' MSJ, Docket Entry No. 52-1, pp. 5-6 and 3-4.

[15]Id. at 6, 4.

There is no evidence in the administrative record showing that George filed a Step 2 Grievance in connection with any of the claims that he raises in this case.  The Fifth Circuit has made clear that a prisoner does not exhaust available administrative remedies as required by the PLRA where he has only completed one step of a two-step grievance process.  See Wright, 260 F.3d at 358 (concluding that a prisoner's lawsuit was precluded by the PLRA where he "did not pursue the grievance remedy to conclusion").

Pointing to a Step 2 Grievance that was attached to his Original Complaint, George appears to argue that this was sufficient to exhaust administrative remedies in this case.[16]  In response to this contention, the defendants have provided an affidavit from Misti Sorenson, who serves as a Program Supervisor for the TDCJ Administrative Review and Risk Management Division.[17] Sorenson notes that the Step 2 Grievance proffered by George is not signed by any reviewing official and that there is no other indication that it was ever formally submitted or processed.[18] Thus, it is not sufficient to satisfy the exhaustion requirement. See Johnson, 385 F.3d at 518 (noting that a grievance which fails

---

[16]Step 2 Grievance, attached to Prisoner's Civil Rights Complaint ("Original Complaint"), Docket Entry No. 1-1, pp. 10-11; Plaintiff's Response to MSJ, Docket Entry No. 54, pp. 1-2.

[17]Affidavit of Misti Sorenson, Exhibit B to Defendants' MSJ, Docket Entry No. 52-2, pp. 2-3.

[18]Id.

to provide facts giving notice of a problem is insufficient to exhaust).

In Plaintiff's Demand that Defendants are Ordered, and Enforced, By Court to Comply With a Full Disclosure (Docket Entry No. 53), George seeks discovery of disciplinary, classification, and grievance records from the entire length of his incarceration. To the extent that this demand could be construed as a motion for a continuance to conduct discovery under Rule 56(d) of the Federal Rules of Civil Procedure, the request will be denied because George fails to provide any facts showing how the requested discovery would raise a genuine issue of material fact or defeat the defendants' properly supported motion for summary judgment. See Stearns Airport Equipment Co., Inc. v. FMC Corp., 170 F.3d 518, 534-35 (5th Cir. 1999) (interpreting former Fed. R. Civ. P. 56(f)).

Based on the uncontradicted summary-judgment record, George did not complete both steps of the two-step TDCJ grievance process before filing suit in this case. As the Supreme Court has clarified, prisoners may not deliberately bypass the administrative process by flouting or failing to comply with an institution's procedural rules where the exhaustion of remedies is concerned. See Woodford, 126 S. Ct. at 2389. Because George failed to exhaust available administrative remedies as required by 42 U.S.C. § 1997e(a), the defendants are entitled to summary judgment and this case must be dismissed. See Wright, 260 F.3d at 359.

## IV.   Conclusion and Order

Based on the foregoing, the court **ORDERS** as follows:

1.    Defendants Snearly and Stewart's Motion for Summary Judgment for Failure to Exhaust Administrative Remedies (Docket Entry No. 52) is **GRANTED**.

2.    Plaintiff's Demand that Defendants are Ordered, and Enforced, By Court to Comply With a Full Disclosure (Docket Entry No. 53) is **DENIED**.

3.    This action will be dismissed with prejudice.

**The Clerk is directed to provide a copy of this Memorandum Opinion and Order to the parties.**

**SIGNED** at Houston, Texas, on this 2nd day of February, 2017.

_____
SIM LAKE
UNITED STATES DISTRICT JUDGE

-10-